1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JESSIE HUNT, III,

11              Plaintiff,                      No. 2:12-cv-2455 KJM KJN PS

12         v.

13    LINCOLN UNIFIED SCHOOL
      DISTRICT, et al.,

14
                                                ORDER AND
15              Defendants.                     FINDINGS AND RECOMMENDATIONS
      _____/

16

17              Through these findings and recommendations, the undersigned recommends that

18    plaintiff's case dismissed with prejudice and that this case be closed.[1]  Plaintiff twice failed to

19    file an opposition to defendants Lincoln Unified School District's ("LUSD") and San Joaquin

20    County Office of Education's ("SJCOE") motion to dismiss pursuant to Rules 12(b)(1) and

21    12(b)(6), despite plaintiff having been clearly warned of the consequences for failing to do so.

22    I.      BACKGROUND

23              Plaintiff is proceeding without counsel.  On September 28, 2012, defendants

24    LUSD and SJCOE filed a notice of removal, removing this action from the San Joaquin County

25    _____

26          [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
      U.S.C. § 636(b)(1).

                                                     1

1  Superior Court.  (Dkt. No. 1.)[2]  According to the notice of removal, the action arises under the

2  federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and

3  related federal regulations, and therefore invokes the court's federal question subject matter

4  jurisdiction under 28 U.S.C. § 1331.  (Id.)

5           That same day, the court issued an order setting a status (pre-trial scheduling)

6  conference.  (Dkt. No. 5.)  That order advised the parties that "[f]ailing to obey federal or local

7  rules, or [an] order of this court, may result in dismissal of this action.  This court will construe

8  pro se pleadings liberally, but pro se litigants must comply with the procedural rules."  (Dkt. No.

9  5 at 3.)  Additionally, it cautioned the parties that "pursuant to Local Rule 230(c), opposition to

10  granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule

11  further provides that 'no party will be entitled to be heard in opposition to a motion at oral

12  arguments if written opposition to the motion has not been timely filed by that party.'  Moreover,

13  Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the

14  motion or may result in sanctions."  (Id.)  Finally, the order notified the parties that "Local Rule

15  110 provides that failure to comply with the Local Rules 'may be grounds for imposition of any

16  and all sanctions authorized by statute or Rule or within the inherent power of the Court.'"  (Id.)

17           On October 4, 2012, defendants LUSD and SJCOE filed a motion to dismiss

18  plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt.

19  No. 12.)  The motion to dismiss was noticed for hearing on November 8, 2012.  (Id.)  As noted

20  above, pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written

21  opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior

22  ////

23  ////

---

24

25  [2] The remaining defendant, Fagen, Friedman & Fulfrost, LLP ("FFF"), has not yet appeared.
    However, the notice of removal represented that counsel for defendants LUSD and SJCOE had
26  communicated with representatives of FFF, who informed him that FFF had not yet been served with
    plaintiff's complaint, but agreed with removal of the action.  (Dkt. No. 1 at 3.)

1  to the hearing date, or October 25, 2012.  See E.D. Cal. L.R. 230(c).[3]  However, plaintiff failed to

2  file an opposition or statement of non-opposition to the motion by that deadline.

3          As a result of plaintiff's failure and in light of his pro se status, the undersigned

4  issued an order on October 29, 2012, continuing the hearing on the motion to dismiss until

5  December 13, 2012, and providing plaintiff with an additional opportunity to file an opposition

6  or statement of non-opposition to the motion on or before November 29, 2012.  (Dkt. No. 15 at

7  3.)  In that order, the undersigned warned plaintiff that his "*failure to file a written opposition*

8  *will be deemed a statement of non-opposition to the pending motion and consent to the granting*

9  *of the motion to dismiss, and shall constitute an additional ground for the imposition of*

10  *appropriate sanctions, including a recommendation that plaintiff's case be involuntarily*

11  *dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*"  (Id.) (emphasis in

12  original).  The order also advised plaintiff as follows:

13          Eastern District Local Rule 110 provides that "[f]ailure of counsel
        or of a party to comply with these Rules or with any order of the
14          Court may be grounds for imposition by the Court of any and all
        sanctions authorized by statute or Rule or within the inherent
15          power of the Court."  Moreover, Eastern District Local Rule 183(a)
        provides, in part:

16
               Any individual representing himself or herself
17               without an attorney is bound by the Federal Rules of
               Civil or Criminal Procedure, these Rules, and all
18               other applicable law.  All obligations placed on
               "counsel" by these Rules apply to individuals
19               appearing in propria persona.  Failure to comply
               therewith may be ground for dismissal, judgment by
20               default, or any other sanction appropriate under

21  ────────────────────

22      [3]  More specifically, Eastern District Local Rule 230(c) provides:

23      **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of
    the motion shall be in writing and shall be filed and served not less than
24      fourteen (14) days preceding the noticed (or continued) hearing date.  A
    responding party who has no opposition to the granting of the motion shall
25      serve and file a statement to that effect, specifically designating the motion
    in question.  No party will be entitled to be heard in opposition to a motion
26      at oral arguments if opposition to the motion has not been timely filed by that
    party. . . .

1    these Rules.

2    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
     litigants must follow the same rules of procedure that govern other
3    litigants") (overruled on other grounds).  Case law is in accord that
     a district court may impose sanctions, *including involuntary*
4    *dismissal of a plaintiff's case* pursuant to Federal Rule of Civil
     Procedure 41(b), where that plaintiff fails to prosecute his or her
5    case or fails to comply with the court's orders, the Federal Rules of
     Civil Procedure, or the court's local rules.[4]  See Chambers v.
6    NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court
     "may act *sua sponte* to dismiss a suit for failure to prosecute");
7    Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d
     683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
8    pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a
     plaintiff's failure to prosecute or comply with the rules of civil
9    procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53
     (9th Cir. 1995) (per curiam) ("Failure to follow a district court's
10   local rules is a proper ground for dismissal"); Ferdik v. Bonzelet,
     963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of
11   Civil Procedure 41(b), the district court may dismiss an action for
     failure to comply with any order of the court"); Thompson v.
12   Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986)
     (per curiam) (stating that district courts have inherent power to
13   control their dockets and may impose sanctions including dismissal
     or default).

14

15   (Id. at 2-3.)  Although the November 29, 2012 deadline has now passed, the court's docket

16   reveals that plaintiff again failed to file an opposition.[5]

17   II.    DISCUSSION

18          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

19   action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

20   _____

21          [4]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district
     court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
22   Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark
     County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (unpublished).

23          [5]  The undersigned further notes that the court's orders have not been returned to the court
     as undeliverable.  Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed
24   of his current address, and service of the court's orders at the address on record was effective absent
     the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each
25   appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties
     of any change of address or telephone number of the attorney or the pro se party.  Absent such notice,
26   service of documents at the prior address of the attorney or pro se party shall be fully effective."

1    failure to comply with the court's local rules, or failure to comply with the court's orders.  See,

2    e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

3    *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

4    Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

5    pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

6    or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

7    1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

8    may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza,

9    291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

10   prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

11   Rules are in accord.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with

12   these Rules or with any order of the Court may be grounds for imposition by the Court of any and

13   all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal.

14   L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

15   Procedure, the court's Local Rules, and other applicable law may support, among other things,

16   dismissal of that party's action).

17          A court must weigh five factors in determining whether to dismiss a case for

18   failure to prosecute, failure to comply with a court order, or failure to comply with a district

19   court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

20              (1) the public's interest in expeditious resolution of litigation;
                (2) the court's need to manage its docket; (3) the risk of prejudice
21              to the defendants; (4) the public policy favoring disposition of
                cases on their merits; and (5) the availability of less drastic
22              alternatives.

23   Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

24   Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

25   conditions precedent before the judge can do anything, but a way for a district judge to think

26   about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

1    (9th Cir. 2006).

2            Although involuntary dismissal can be a harsh remedy, on balance the five

3    relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

4    dismissal of this action.  Plaintiff's repeated failure to oppose defendants LUSD's and SJCOE's

5    motion to dismiss, despite clear warnings of the consequences, strongly suggests that plaintiff has

6    abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal.

7    Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of

8    litigation always favors dismissal").  Any further time spent by the court on this case, which

9    plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial

10   resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that

11   district courts have inherent power to manage their dockets without being subject to

12   noncompliant litigants).

13           In addition, the third factor, which considers prejudice to a defendant, should be

14   given some weight.  See Ferdik, 963 F.2d at 1262.  Here, defendants have been named in a

15   lawsuit that plaintiff has effectively abandoned.  Plaintiff failed to oppose defendants LUSD's

16   and SJCOE's motion to dismiss, and it appears that plaintiff has not even served the remaining

17   defendant FFF with process.  At a minimum, defendants have been prevented from attempting to

18   resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.

19   Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA)

20   Prods. Liab. Litig., 460 F.3d at 1227.

21           The fifth factor, which considers the availability of less drastic measures, also

22   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

23   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

24   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

25   actually tries alternatives before employing the ultimate sanction of dismissal").  Before

26   recommending dismissal, the court granted plaintiff an additional opportunity to oppose the

6

motion to dismiss and advised plaintiff that he was required to actively prosecute his action and follow the court's orders.  It also warned plaintiff in clear terms that failure to oppose the motion to dismiss, or file a statement of non-opposition to the motion, would result in a recommendation of dismissal of the action with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.  Because plaintiff has not made any attempt to comply with the court's prior orders, the court has little confidence that plaintiff would pay monetary sanctions if they were to be imposed in lieu of dismissing the case.

        The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's own failure to prosecute the case and comply with court orders.

III.    CONCLUSION

        For the foregoing reasons, IT IS HEREBY ORDERED that:

        1.  The December 13, 2012 hearing on defendants LUSD's and SJCOE's motion to dismiss is VACATED;

2.  The March 7, 2013 status conference is VACATED.  If necessary, the court will reset the date of that conference.

IT IS ALSO HEREBY RECOMMENDED that:

1.      Plaintiff's action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the Local Rules and the court's orders.

2.      Defendants LUSD's and SJCOE's motion to dismiss (dkt. no. 12) be DENIED AS MOOT.

3.      The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  November 30, 2012

_Kendall J. Newman_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE